UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE ALVARADO, | CASE NO. 2:26-cv-01147-DGE |
| Petitioner, | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) |
| v. | |
| CAMMILLA WAMSLEY et al., | |
| Respondents. | |

Before the Court is Petitioner Jose Alvarado's petition for writ of habeas corpus. (Dkt. No. 1.) Petitioner alleges that his ongoing prolonged detention without a bond hearing violates his due process rights under the Fifth Amendment. For the following reasons, the Court DENIES the petition.

## I.    BACKGROUND

### A.  Factual Background

The Court directs individuals toward *Alvarado v. Wamsley et al.*, No. 2:25-cv-02375-DGE ("*Alvarado* I") for a complete recitation of the background facts. Petitioner is subject to a

reinstated order of removal.  (Dkt. No. 12-1 at 2–3); *see also Alvarado* I, Dkt. No. 26 at 8–9.  On September 5, 2025, Immigration and Customs Enforcement arrested Petitioner and transported him to the Northwest ICE Processing Center, where he remains today.  *Alvarado* I, Dkt. No. 26 at 2–3.  On February 18, 2026, the Court granted Petitioner's petition for writ of habeas corpus and ordered Respondents to refer Petitioner to an asylum officer for a reasonable fear determination.  *Id.* at 9.  On February 26, 2026, United States Citizenship and Immigration Services conducted a reasonable fear interview.  *Id.*, Dkt. No. 28 at 1.

Petitioner filed a petition for review and motion to stay in the Ninth Circuit.  (*See* Dkt. No. 1-1 at 2); *see also Alvarado v. Blanche*, No. 26-1256 (9th Cir. 2026).  On March 5, 2026, the Ninth Circuit entered a temporary stay of removal pursuant to General Order 6.4(c).[1]  (Dkt. No. 1-1 at 2.)  On March 27, 2026, Petitioner requested a custody redetermination pursuant to 8 C.F.R. § 1236.  (Dkt. No. 1-2 at 2.)  The immigration judge denied Petitioner's request because the judge found "no materially changed circumstances favorable to" Petitioner, citing 8 C.F.R. § 1003.19(e).  (*Id.*)

**B.  Procedural Background**

Petitioner filed his petition for writ of habeas corpus on April 6, 2026.  (Dkt. No. 1.)  The Court set a briefing schedule (Dkt. No. 3), and the Parties timely filed their briefing (*see* Dkt. Nos. 8, 9).  At a hearing on May 6, 2026, the Court requested supplemental briefing from the Parties.  (Dkt. No. 11.)  Petitioner filed his supplemental brief on May 13, 2026.  (Dkt. No. 12.)  Respondents filed a response on May 20, 2026.  (Dkt. No. 13.)  Petitioner timely filed his reply.  (Dkt. No. 14.)

---

[1] The Ninth Circuit General Order 6.4(c)(1) states, "Upon the filing of an initial motion or request for stay of removal or deportation, the order of removal or deportation is temporarily stayed until further order of the Court."

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 2

## II.    JURISDICTION

Petitioner invokes this Court's jurisdiction under the habeas provision, 28 U.S.C. § 2241. "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–1212 (9th Cir. 2011)).

## III.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2).  To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241). Because habeas proceedings are civil in nature, the "[p]etitioner 'bears the burden of proving that he is being held contrary to law, . . . [and] he must satisfy his burden of proof by a preponderance of the evidence.'" *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (quoting *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (citations omitted)).

## IV.    ANALYSIS

At the heart of Petitioner's original and supplemental briefing is the request that the Court order an administrative bond hearing before an immigration judge.  (*See* Dkt. Nos. 1 at 9–11; 9 at 9; 12 at 8; 14 at 5.)  However, Petitioner fails to articulate a proper legal basis for obtaining a bond hearing.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 3

Citing *Diouf v. Napolitano*,[2] 634 F.3d 1081 (2011), Petitioner argues that noncitizens detained under 8 U.S.C. § 1231 for "prolonged periods (six months or more) are entitled to an individualized bond hearing" before an immigration judge where "the government must justify continued detention by clear and convincing evidence, demonstrating that the [noncitizen] is either a flight risk or a danger to the community." (Dkt. No. 1 at 5–6.)  However, in *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 581 (2022), the Supreme Court held that "there is no plausible construction of the text of § 1231(a)(6) that requires the Government to provide bond hearings before immigration judges after six months of detention, with the Government bearing the burden of proving by clear and convincing evidence," and that the statute "does not address or even hint at the requirements imposed below."  596 U.S. at 581.  In *Rodriguez Diaz v. Garland*, the Ninth Circuit acknowledged that "[a]lthough we previously concluded that bond hearings and certain procedures were statutorily required under §§ 1225(b), 1226(c), and 1231(a)(6) based on the doctrine of constitutional avoidance, the Supreme Court has since held that none of these rights exist as a *statutory* matter."  53 F.4th 1189, 1201 (9th Cir. 2022) (emphasis added) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 305 (2018) and *Arteaga-Martinez*, 596 U.S. at 581).[3]

---

[2] In *Diouf,* the Ninth Circuit construed 8 U.S.C. § 1231(a)(6) as requiring an individualized bond hearing, before an immigration judge, for aliens facing prolonged detention under that provision, and held that detention is prolonged when it has lasted six months.  634 F.3d at 1086, 1091.

[3] However, the *Arteaga-Martinez* Court expressly did not reach the petitioner's constitutional claim that due process requires individualized bond hearings when detention under § 1231(a)(6) becomes prolonged.  596 U.S. at 583.  Thus, *Arteaga-Martinez* implicitly recognized that as-applied constitutional challenges to prolonged detention are separate and distinct from the statutory prohibition against indefinite detention embodied in *Zadvydas.*  Though Petitioner acknowledges this due process challenge in her original reply (*see* Dkt. No. 9 at 6), Petitioner's supplemental briefing does not make any arguments based on *Arteaga-Martinez*, does not suggest a standard that should be applied to the facts of this case, nor identifies how Petitioner's continued detention without a bond hearing violates due process.  The Court, therefore, offers no further analysis.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 4

In his supplemental briefing, Petitioner contends that though *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), "established the principle that prolonged detention under 8 [U.S.C.] § 1231 must be justified by the government and is subject to judicial review," "individuals subject to reinstated removal orders, whose detention becomes prolonged, should have procedural safeguards, such as bond hearings, to contest their continued detention." (Dkt. No. 12 at 6.)  In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal.  As the *Zadvydas* Court recognized, "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Id.*  The *Zadvydas* Court concluded, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.  The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

As Petitioner acknowledges, *Zadvydas* does not discuss whether individuals subject to prolonged detention are entitled to bond hearings. (Dkt. No. 12 at 6.)  To the extent Petitioner argues his removal is no longer reasonably foreseeable because his detention is tied entirely to the duration of appellate proceedings (*see* Dkt. No. 12 at 4–6), this argument is foreclosed by *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008).

In *Prieto-Romero*, the petitioner remained detained for over three years while awaiting appellate review of an administrative removal order.  534 F.3d at 1056.  As in this case, the Ninth Circuit stayed the removal order pending the appeal.  *Id*.  The court first determined the petitioner's detention was based on 8 U.S.C. § 1226(a) because his removal order was not a final

order under 8 U.S.C. § 1231(a) while the appeal was pending.  *Id*. at 1058–1059.  Pointing to his over three-year detention, and relying on *Zadvydas*, the petitioner argued his detention was indefinite and his removal was "unforeseeable" "because the government [could not] demonstrate to any degree of certainty when Prieto-Romero's judicial review [would] end."  *Id*. at 1063.  The court was unpersuaded.  "It is true that Prieto-Romero's detention lacks a certain end date, but this uncertainty alone does not render his detention *indefinite* in the sense the Supreme Court found constitutionally problematic in *Zadvydas*."  *Id*.  The court rejected the argument that the petitioner's removal was "no longer 'reasonably foreseeable, . . . whenever there [was] some degree of uncertainty as to when his detention [would] conclude."  *Id*. at 1064.  The court found notable that lacking from the record was any evidence, "such as a lack of repatriation agreement with his home country or a finding that he merits mandatory relief from removal, that would prevent Prieto-Romero's removal to Mexico if he is ultimately unsuccessful in his petition for review."  *Id*. at 1065.  Because "Prieto-Romero foreseeably remains *capable* of being removed—even if it has not finally been determined that he *should be* removed—[ ] the government retains an interest in 'assuring [his] presence at removal.'"  *Id*. (quoting *Zadvydas*, 533 U.S. at 699).

As in *Prieto-Romero*, the uncertainty of when the Ninth Circuit will decide Petitioner's appeal, standing alone, does not support the conclusion that Petitioner's detention has become *indefinite* in the sense the Supreme Court found constitutionally problematic in *Zadvydas*.  534 F.3d at 1063.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 6

## V.    CONCLUSION

Petitioner fails to show his entitlement to an individualized bond hearing or that he is otherwise being held contrary to law.  Therefore, the Court DENIES Petitioner's petition for writ of habeas corpus.  (Dkt. No. 1.)  The Clerk is directed to close the matter.

Dated this 2nd day of June, 2026.

David G. Estudillo
United States District Judge